IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CAROL JNO BAPTISTE,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  JKB-11-3535 |
| **CAPITAL ONE BANK (USA), N.A.,** *et al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM  AND  ORDER

Plaintiff Carol Jno Baptiste originally filed this lawsuit alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (ECF No. 1), against several defendants who have since been dismissed from the case (ECF No. 36).  Baptiste timely amended her complaint to add the law firm of Lyons, Doughty & Veldhuis, P.C. ("Lyons Doughty"), as well as individuals David R. Lyons, Stephen P. Doughty, Hillary Veldhuis, Laurie H. Lyons, Michele R. Gagnon, and Nathan D. Willner.  (ECF No. 4.)  Those parties are now the only parties remaining in the case.  Purportedly, these Defendants were served via certified mail to the same address in Owings Mills, Maryland.  (ECF Nos. 8, 9 & 10.)  All have contested the validity of service through motions to strike the returns of summonses.  (ECF Nos. 11-16, 19.)  The motions will be held in abeyance.

Because Baptiste was granted *in forma pauperis* status, the United States Marshal was directed to effectuate service.  (Order, 12/14/2011, ECF No. 3.)  However, it was incumbent upon Baptiste to properly complete the Marshal Forms 285 with each Defendant's name and the address where each Defendant may be served.  (*Id.*)  Baptiste provided for each Defendant the address of 10461 Mill Run Circle, Owings Mills, Maryland  21117.  (ECF Nos. 8, 9 & 10.)  The

Marshal sent the summons and complaint via certified mail, restricted delivery, to this address for each Defendant.  (*Id.*)  Defendants now contend that service on them did not comply with Federal Rule of Civil Procedure 4(e).  However, they have only filed motions and supporting memoranda, which recite facts that are not a part of the record before the Court.  Affidavits, not supporting memoranda, must be used to put facts into the record for the Court to consider on pending motions.  Fed. R. Civ. P. 43(c).  *See generally*, 9A Wright & Miller, *Federal Practice and Procedure* § 2416, at 282 (3d ed. 2008).  Accordingly, Defendants' motions to strike (ECF Nos. 11-16, 19) are HELD IN ABEYANCE for fourteen days from the date of this order.  If proper supporting affidavits are not received within that time period, the motions will be denied without prejudice.

DATED this 23rd day of April, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge