FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 MAY 10 P 12: 10

CLERK'S OFFICE
AT BALTIMORE

BY_____ _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAROL JNO BAPTISTE,

    Plaintiff

v.                                      CIVIL NO. JKB-11-3535

CAPITAL ONE BANK (USA), N.A., *et al.*

    Defendants

## MEMORANDUM

*I. Background*

Plaintiff Carol Jno Baptiste *pro se* brought this lawsuit alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.* (ECF No. 1.) Baptiste timely filed an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) and added as defendants the law firm of Lyons, Doughty & Veldhuis, P.C. ("Lyons Doughty"), as well as individuals David R. Lyons, Stephen P. Doughty, Hillary Veldhuis, Laurie H. Lyons, Michele R. Gagnon, and Nathan D. Willner. (ECF No. 4.) The original defendants were dismissed from the case when the Court permitted a second amended complaint, initially filed without leave of court, to be filed effective April 19, 2012. (ECF Nos. 30 & 36.)

Baptiste filed two documents that she apparently believes should be construed as motions for summary judgment or default judgment based upon what she believes is a lack of proper response from the added defendants. (ECF Nos. 32 & 34.) Her filings are premised upon the erroneous presumption that her second amended complaint was filed March 22, 2012, but its *effective* filing date is April 19, 2012, per the Court's order of the same date. Consequently, the

motion to dismiss the second amended complaint filed by Defendants on April 22, 2012 (ECF No. 37), is timely, and to the extent Baptiste is seeking a default judgment against them, her motions will be denied. To the extent she desires her filings to be treated as motions for summary judgment, these, too, will be denied since she has presented no grounds for a ruling in her favor. Putting aside Defendants' motions to strike proofs of service (ECF Nos. 11-16, 19),[1] the Court turns to the motion to dismiss, which will be granted.

## *II. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 1950. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555.

## *III. Analysis*

Preliminarily, the Court notes that the complaint has sixteen numbered allegations before Count I, which then states in paragraph seventeen, "Paragraphs 1 through 37 are realleged as though fully set forth herein." (ECF No. 30.) It is possible that Baptiste wanted to allege material that she had alleged in her original complaint and her first amended complaint, but did not want to bother with actually incorporating her earlier allegations into the second amended

---

[1] The Court had ordered these motions held in abeyance to provide Defendants with the opportunity to supplement their motions with appropriate affidavits (ECF No. 42), but they chose to submit only one affidavit, which was insufficient for the Court's purposes. Accordingly, the motions to strike will be denied.

complaint. If so, it is an unacceptable course of action. The second amended complaint has to stand on its own merit and may not be defined by reference to superseded, inoperative pleadings. Plaintiff cannot expect the Court to do her work for her by deciding what from a prior pleading should be considered as part of the current pleading. Thus, the Court will only evaluate the second amended complaint by considering what lies within its four corners.[2] Her factual allegations are limited to the following:

> 13. On 09/11/2011, Defendant(s) willfully sent a correspondence to Plaintiff's address seeking and demanding payment of a non-existent debt without [sic].
>
> 14. On 9/16/2011 2:16:35 AM, Plaintiff faxed (and contained 5 page(s) ) a correspondence to Defendant's [sic] requesting validation of the obligation to pay defendants.
>
> 15. Defendant(s) failed to show validation of the obligation to pay defendants within 30 days.
>
> 16. Defendant(s) failed to provide plaintiff's authorized signature that says she has an [sic] contractual obligation to pay defendants.

(2d Am. Compl.)

In Count I, Baptiste alleges the law firm violated 15 U.S.C. §§ 1692e(10) and 1692b(2). Section 1692e(10) provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692b(2) provides as follows:

---

[2] Additionally, the earlier complaints only contained allegations against "Defendant(s)" without specifying which allegations applied to which defendants, roughly half of whom were dismissed from the case. The same lack of specificity plagues the second amended complaint, which also uses the undifferentiated term, "Defendant(s)." Moreover, Defendant Stephen P. Doughty is not named in any count of the complaint.

3

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> . . .
>
> (2) not state that such consumer owes any debt.

Baptiste's allegations fall short of stating a plausible claim under either of these statutory sections. All that she seems to be asserting is that Lyons Doughty sent her something in writing demanding payment on a debt, which she refers to as "non-existent." The Court presumes that the law firm did not state that the debt was nonexistent and further presumes that "nonexistent" is her characterization of the debt. She goes on to say that five days later, she sent via facsimile a request to Lyons Doughty to validate the debt, that the law firm did not validate the debt within thirty days, and that the firm failed to provide her "authorized signature that says she has an [sic] contractual obligation to pay defendants." None of these allegations allows an inference that Lyons Doughty used "any false, deceptive, or misleading representation or means in connection with the collection of any debt," in the words of § 1692e, or communicated with a third party in a way that violated § 1692b(2). Count I fails to state a claim for relief.

Count II alleges Defendant David R. Lyons negligently violated the FDCPA and then alleges that his violations "include, but are not limited to," the following:

(a) Defendant used on two occasions, unfair means to collect a debt and willfully violated 15 U.S.C. § 1692(d) Any [sic] unfair or unconscionable means to collect or attempt to collect the alleged debt.
(b) Defendant violated 15 U.S.C. § 1692b(2) Contact of Third Party: Stated that the consumer owes any debt [sic].

Section 1692(d) states:

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

4

It seems clear that Baptiste erroneously referred to § 1692(d) as a basis for finding a statutory violation. It is probable that she meant to refer to § 1692f, which generally proscribes a debt collector's use of "unfair or unconscionable means to collect or attempt to collect any debt" and further proscribes specific means for violation of that section. Regardless, Baptiste's complaint fails to set forth specific facts that permit the Court to infer David Lyons violated either § 1692f or § 1692b(2). Thus, Count II fails to state a claim for relief.

Count III duplicates allegations of Count II, except by asserting a claim against the law firm. For the same reason that Count II was found inadequate to state a claim for relief, Count III is defective. Similarly, Count IV against Hillary Veldhuis fails to state a claim for relief. Count V against Laurie H. Lyons is similar in substance but further claims, "Defendant was aware of the validation notice and willfully violated § 1692g Failure [sic] to send the consumer a 30-day validation notice within five days of the initial communication." Given Baptiste's earlier factual allegation that, five days after receipt of the written communication from the firm, she responded by sending it her request for validation of the debt, the claim that she did not receive notification of her right to dispute the debt within thirty days of the initial communication is implausible. To the extent her claim can be interpreted as faulting Defendants for failing to validate the debt within thirty days, Baptiste appears to misunderstand a debt collector's responsibilities under § 1692g. A collector is not obligated to provide validation within thirty days of a consumer's dispute. The thirty-day period is the amount of time given to the consumer to provide written notification of a dispute to the debt collector. *See* § 1692g(a)(4). Defendants' not providing validation of the debt to Baptiste within thirty days of her dispute does not amount to a violation of the FDCPA. Consequently, Count V also fails to state a claim for relief.

Although Count VI against Michele R. Gagnon contains the same deficient allegations as Count V, it adds the allegation, "Defendant violated 15 U.S.C. § 1692e(11) Communication [sic]

fail [sic] to contain the mini-Miranda warning: 'This is an attempt to collect a debt . . . communication is from a debt collector.'" Section 1692e(11) prohibits the following:

> The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . .

Baptiste's allegation that the written communication from Lyons Doughty failed to disclose that the firm was attempting to collect a debt is implausible in light of her factual allegation that the written communication from the firm was "seeking and demanding payment of a . . . debt." Count VI fails to state a claim for relief.

Baptiste's complaint contains two counts numbered "Count VI." Her second one of these, against Nathan D. Willner, is deficient for the same reasons as were earlier counts but also because Baptiste's allegations of wrongdoing are against a dismissed party, McGuire Woods, LLP.

## IV. Conclusion

For the foregoing reasons, the Court concludes that Baptiste's complaint fails to state a claim for relief. A separate order will issue dismissing the case.

DATED this ___9___ day of May, 2012.

BY THE COURT:

_____
James K. Bredar
United States District Judge